■ CHRISTINE COMESANA, an Infant, by Her Mother, MARIE COMESANA., et al., Appellants, v. THEODORE HANSON, Respondent. — Order of the Supreme Court, Queens County, dated March 18, 1968, affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Rabin, Hopkins and Benjamin, JJ., concur; Christ, J., dissents and votes to reverse the order and grant plaintiffs' motion for summary judgment, with the following memorandum: The automobile owned and driven by defendant was proceeding east on 82nd Avenue when it entered the intersection of 263d Street, in Queens, and collided with a northbound automobile, owned and operated by one Walter Protas (who is not a party to this action), in which plaintiffs were passengers. Defendant made certain admissions in his pretrial deposition and in his affidavit in opposition to the motion. He admitted that at the intersection there was a "full stop"

traffic sign against him; that he saw the sign but nevertheless drove his automobile past it and into the intersection without stopping; that, as he came to the intersection, he saw the Protas automobile approaching " at a very fast rate of speed " but " thought [he] could get through"; and that his automobile was going at the rate of 10 to 15 miles an hour when the collision occurred. Even if the Protas automobile was approaching at an excessive rate of speed, which plaintiffs deny, that fact does not justify defeat of the motion. Defendant was under a duty to stop at the sign, which he concedes he saw, and not to proceed from a standing position until he had assured himself that he could safely pass through the intersection. His failure to do so was negligence. On this state of facts it was error to deny summary judgment against defendant (cf. *Thum* v. *Zraick,* 12 A D 2d 772). There can be no doubt that, if defendant had obeyed the law and come to a full stop at the sign, the vehicles would not have collided. He cannot now escape liability on the theory that his failure to stop was irrelevant since he could have beaten the other vehicle across the intersection had the latter not been speeding. More important, defendant's own admission that he *knew* the Protas vehicle was approaching at an excessive rate of speed conclusively demonstrates the unreasonableness of his actions. One cannot throw all caution to the winds and deliberately proceed on a collision course under the expectation that the other driver will somehow anticipate such negligence and stop in time to avoid its consequences. Furthermore, assuming *arguendo* that the actions of both drivers, defendant and Protas, constituted concurrent causes of the accident, plaintiffs would still be entitled to summary judgment, as there is no claim that they were guilty of contributory negligence. In any event, whether Protas might also be held in negligence is not at issue here. In conclusion, where, as here, the prima facie proof is so convincing that the inference of negligence arising therefrom is inescapable, summary judgment should be granted (*Gerard* v. *Inglese,* 11 A D 2d 381).